## 11115

### PEARCE v. DUNN

#### (115 S. E., 621)

Ejectment—Mortgagor Held Not Entitled to Maintain Ejectment Against Mortgagee in Possess'on Pending Foreclosure Suit.—A mortgagor leasing the mortgaged property to mortgagee, who held over after the expiration of his term under a claim of right as a mortgagee in possession after maturity of the mortgage, cannot maintain an action of ejectment against him pending an action for foreclosure, to which it would have been necessary, under Code Civ. Proc. 1912, § 171, to make mortgagor a party, if he had not already been such, in order to effect a complete determination of the controversy, which would be unnecessarily delayed by allowing both actions to be maintained.

Before TOWNSEND, J., Kershaw, July, 1922. Reversed.

Action of ejectment by E. C. Pearce against J. S. Dunn. From an order affirming an order of the Magistrate granting the writ, defendant appeals.

*Mr. L. A. Wittkowsky,* for appellant, cites: *Right of mortgagee to claim possession after breach:* 1 Civ. Code 1912, Sec. 3460.

*Mr. E. D. Blakeney* for respondent.

January 25, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record.

"This action was commenced by the service of a notice on the defendant on ............ day of May, 1922, to show cause why he should not be ejected from the premises described in the said proceedings. The said premises were premises that had been conveyed to said J. S. Dunn to said E. C. Pearce, said E. C. Pearce having executed to said J. S. Dunn bonds and mortgages for said purchase money, said property having been conveyed as aforesaid in December 23, 1919. Said J. S. Dunn rented property from said E. C. Pearce after conveyance. In the year 1921 there was a written agreement as to rent between said parties. The said E. C. Pearce having defaulted upon bonds and mortgages, foreclosure proceedings were brought by J. S. Dunn against E. C. Pearce, and served on December 17, 1921. At same date, between December 17th, and the first of January, 1922, E. C. Pearce served notice upon J. S. Dunn to vacate said premises. Said J. S. Dunn declined to vacate, claiming to be a mortgagee in possession, and further contending that, foreclosure proceedings having been commenced before notice to quit was served upon him, the Circuit Court had assumed jurisdiction of all matters between said parties in respect to said lands.

"The Magistrate, upon hearing the return of the said J. S. Dunn to the rule to show cause why he should not be ejected, rendered his decision in favor of said E. C. Pearce, and issued a writ of ejectment. The defendant, J. S. Dunn, appealed to the Circuit Court from the ruling of the Magistrate. The Circuit Court confirmed the findings of the Magistrate. At the same term of Court, in the foreclosure proceedings of J. S. Dunn against E. C. Pearce, judgment for foreclosure and sale was taken, ordering sale of said land on the first Monday in December, 1922. The defendant, J. S. Dunn, now appeals from the order of the Circuit Court herein."

Under the head of "Findings of Magistrate," the following appears in the record:

"This proceeding was instituted before me by E. C. Pearce, herein called plaintiff, against J. S. Dunn, herein named defendant, for the ejection of the defendant from certain real estate owned by the plaintiff, situate in the County of Kershaw, and more fully described in the notice to show cause which is hereto attached. * * *

"I find as matters of fact as follows: That in December, 1919, the defendant conveyed to the plaintiff that tract of land hereinabove mentioned; that in the date of said conveyance the plaintiff executed and delivered to the defendant his promissory note in writing secured by mortgage upon the real estate hereinabove mentioned; that the said mortgage was past due and owing on the 20th day of December, 1919, and the right of foreclosure existed in favor of the defendant, which right, however, he did not exercise; that on the 5th day of February, 1921, the plaintiff and defendant entered into a written agreement, the original of which is herewith filed, by the terms of which agreement the defendant, J. S. Dunn, covenanted to rent from the plaintiff, E. C. Pearce, the land in question for the year 1921, paying therefor certain rent, and took possession of said land under said contract for rent; that the terms of said lease

expired on the 31st day of December, 1921; that on the 17th day of December, 1921, the defendant, Dunn, commenced his action in the Court of Common Pleas for Kershaw County for the foreclosure of the mortgage; that, a few days subsequent to the commencement of this action for foreclosure and before the expiration of his lease the defendant received proper notice and demand for the possession of the land on January 1, 1921. The defendant refused to yield possession on the date of the expiration of his lease, asserting that he would hold over for another year —that is, the year 1922—by reason and virtue of his right to do as a mortgagee in possession after maturity of the mortgage. These proceedings were instituted by the plaintiff, Pearce, the defendant filing a return thereto, which is likewise attached and made a part of the records of this case. As will be observed, in addition to claiming his right to possession under the past-due mortgage, the defendant, Dunn, contends that the Court of Common Pleas, in which foreclosure proceedings are pending, has exclusive jurisdiction, and that the Magistrate has no jurisdiction to hear and determine the right of the plaintiff to posession by reason thereof.

"I conclude as matters of law: That the Magistrate's Court has jurisdiction to hear and determine the question of the possession of the real estate; that question not being involved in the issues pending in the Court of Common Pleas under the foreclosure proceedings. I further conclude as a matter of law that the defendant, Dunn, cannot hold possession for the year 1921 as a mortgagee in possession, there being no contract, expressed or implied, by which he entered possession under the termination of the written lease hereinabove referred to, and that his possession after the 1st day of January, 1922, is unlawful, and, therefore, he should be ejected."

On hearing the exceptions, his Honor, the Circuit Judge, overruled them, and affirmed the order of the Magistrate. The defendant then appealed from said order.

It will be necessary to consider the exceptions in detail.

Section 171 of Code 1912 provides that—

"The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in. * * * " ,

The action in the Magistrate's Court was by E. C. Pearce, as plaintiff, who was already a party to the action for foreclosure of the mortgage. He was a necessary party to that action, and the question raised by him, in the proceeding before the Magistrate was involved in the action for foreclosure. If E. C. Pearce had not already been made a party to the action of foreclosure, it would have been necessary for him to be made a party to that action in order that there might be a complete determination of the controversy, which could not be accomplished if the controversy before the Magistrate should be allowed to proceed to a final determination. To allow both actions to be maintained would unquestionably bring about unnecessary delay.

Reversed.

MR. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN (dissenting): Proceedings for ejectment instituted in Magistrate Court. Judgment for plaintiff. Defendant appealed to Circuit Court. Judgment of Magistrate affirmed. Defendant appeals to this Court.

The facts appear to be as follows: On December 23, 1919, the defendant, Dunn, owner of the tract of land in question, sold and conveyed it to the plaintiff, Pearce, receiving a bond and mortgage covering the property as security for the purchase price. After the conveyance the

defendant, Dunn, remained in possession as tenant of the plaintiff, Pearce, and for the year 1921 there was a written contract of renting between them, expiring December 31, 1921. Pearce having made default in the payment of the bond secured by mortgage, Dunn instituted proceedings to foreclose the mortgage. It does not appear that the mortgage gave Dunn any right to the possession of the property or to the rents and profits. On the contrary, it appears that he was in possession during the years 1920 and 1921 as a tenant of Pearce. After receiving notice of the foreclosure suit, Pearce, at some time between the date of the service of summons and complaint and January 1, 1922, served notice upon Dunn to vacate the premises. His term expiring on December 31, 1921, it is assumed that this notice· was to vacate at that time. Dunn declined to vacate, claiming to be a mortgagee in possession, and further contending that, foreclosure proceedings having been commenced before notice to quit was served upon him, the Circuit Court had assumed jurisdiction of all matters between the parties in respect to said land. On May —, 1922, the Magistrate issued formal notice under the ejectment statute against Dunn. The Magistrate, upon hearing the return of Dunn to the rule to show cause why he should not be ejected, rendered his decision in favor of Pearce, and issued a writ of ejectment against Dunn. The latter appealed to the Circuit Court, and Judge Townsend, hearing the appeal, affirmed the judgment of the Magistrate. At the same term of Court at which the appeal was heard, judgment of foreclosure and sale in the foreclosure proceedings referred to was rendered in favor of Dunn against Pearce ordering sale in December, 1922.

The defendant, Dunn, in the ejectment proceedings, has appealed from the order of Judge Townsend affirming the Magistrate's decision, upon the exceptions which will be reported. Generally stated, the defendant contends:

(1) That the foreclosure proceedings involved the question of the right to the possession of the land, a matter not within the jurisdiction of the Magistrate.

(2) That after January 1, 1922, Dunn was in possession of the land as a mortgagee in possession.

(3) That the foreclosure proceeding drew with it all of the controversies between the parties, including the liability of Dunn for a reasonable rental, his equitable right to remain on the premises under the circumstances, having planted a crop, and Pearce being insolvent.

The deed from Dunn to Pearce conveyed the right of possession and the legal title to Pearce. The mortgage from Pearce to Dunn simply imposed a lien upon the property as security for the bond, not interfering at all with Pearce's right to possession. Act of 1791; 1 Code of Laws 1912, § 3460. As long as Dunn was in possession as a tenant of Pearce he was estopped to deny Pearce's title. When he continued in possession after the termination of his lease he was a trespasser (Section 3501), and liable to be ejected under Section 3509 as a tenant holding over after the expiration of his lease. The foreclosure proceeding had absolutely nothing to do with the accountability of the mortgagor to the mortgagee for the rental value of the land. There was no provision in the mortgage which would entitle the mortgagee to the rents. If the mortgagee under the circumstances of this case has the right to continue in possession and credit the rental value upon his mortgage, he would have the right to take possession of the land from the mortgagor or his tenant for the same purpose. The question is controlled, in my opinion, by the case of *Hardin v. Hardin,* 34 S. C., 77; 12 S. E., 936; 27 Am. St. Rep., 786, where the Court says:

"By our law a mortgage of real estate is not a conveyance of any estate whatever, but is simply a contract whereby the mortgagee obtains a lien on the property mortgaged as a security for the payment of a debt. The mortgagor still

remains, even after condition broken, the owner of the mortgaged premises, and retains all the rights incident to such ownership, amongst which is the right to receive the rents and profits, while the mortgagee simply holds a lien upon the property to secure the payment of his debt, which he may enforce in any of the modes recognized by law. But, having no title to or ownership of the mortgaged premises, he cannot claim any of the rights incident to such a relation."

And, further:

"Now, as we have seen, the mortgage gives to the mortgagee no real or even apparent right to the mortgaged premises, and certainly none whatever to the rents and profits thereof. * * * The mortgagor remaining the owner of the mortgaged premises until the sale thereof, was, of course, entitled as such to the rents and profits."

How it can be said that a simple proceeding for the foreclosure of a mortgage, under a complaint alleging the facts necessary to support such action, and nothing else, can draw unto itself all other controversies between the parties is beyond my comprehension.

MR. JUSTICE MARION concurs.